**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RAVINESH GOVIND, | No. 06-72378 |
| Petitioner, | Agency No. A071-628-775 |
| v. | |
| ERIC H. HOLDER, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ravinesh Govind, a native and citizen of Fiji, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NHY/Research

removal and cancellation of removal, and the BIA's order denying his motion to remand proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Govind did not establish that the harms he experienced after the 1987 coup rose to the level of persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). Substantial evidence also supports the agency's finding that Govind's similarly situated Indo-Fijian parents remained in Fiji for twelve years without incident after his departure, and thus Govind did not demonstrate a well-founded fear of persecution. *See Hakeem v. INS*, 273 F.3d 812, 816-17 (9th Cir. 2001). Accordingly, Govind's asylum and withholding of removal claims fail.

We lack jurisdiction to review the agency's discretionary determination that Govind failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir. 2005).

The BIA acted within its broad discretion in determining the transcript was sufficient, and denying Govind's motion to remand. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law"); *see also Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) (en banc) (a motion to remand is treated as a motion to reopen).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**